IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOTTIE K. TAGUPA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> VIPDESK, INC.; JOHN DOES 1-10, DOE ENTITIES 1-10, <br><br> Defendants. | CIV. NO. 13-00428 JMS-KSC <br><br> ORDER DENYING DEFENDANT VIPDESK, INC.'S MOTION FOR RECONSIDERATION, DOC. NO. 79 |

**ORDER DENYING DEFENDANT VIPDESK, INC.'S MOTION FOR RECONSIDERATION, DOC. NO. 79**

## I. INTRODUCTION

On August 28, 2015, this court granted summary judgment in favor of Defendant VIPdesk, Inc. ("VIPdesk") as to Plaintiff Lottie K. Tagupa's ("Tagupa") claim for a violation of the Hawaii Whistleblower Protection Act, Hawaii Revised Statutes ("HRS") § 378-62, but denied summary judgment as to most aspects of Tagupa's claim for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. *See* Doc. No. 76 ("August 28 Order"); *Tagupa v. VIPdesk, Inc.*, ___ F. Supp. 3d ___, 2015 WL 5116943 (D. Haw. Aug. 28, 2015). VIPdesk now moves for reconsideration of the August 28 Order, again

seeking summary judgment on the FLSA claim. It contends that this court's "failure to acknowledge [three pieces of evidence] and its consequences constitutes clear error." Doc. No. 79-1, Def.'s Mot. at 2. The court disagrees -- VIPdesk's Motion for Reconsideration is DENIED.

## II. STANDARD OF REVIEW

Local Rule 60.1 allows a party to file a motion for reconsideration of an interlocutory order. Reconsideration is permitted only where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact." LR 60.1; *see also School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") (citation omitted). "There may also be other, highly unusual, circumstances warranting reconsideration." *ACandS, Inc.*, 5 F.3d at 1263.

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (quoting *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

### III. DISCUSSION

The August 28 Order denied VIPdesk's Motion for Summary Judgment on most aspects of Tagupa's FLSA overtime claim because the record contained genuine issues of material fact as to two categories of Tagupa's time: (1) time allegedly spent on work-related matters such as driving to locations, waiting in line, and computer/technical issues; and (2) time allegedly spent working on "some fifty two blogs that were apparently never actually submitted to VIDdesk, and for other blogs that she claims to have been preparing." Doc. No.

76, August 28 Order at 40; *Tagupa*, 2015 WL 5116943, at *16.[1]  VIPdesk argues on reconsideration that the court failed to consider (or at least acknowledge) certain evidence indicating that VIPdesk had no knowledge of her alleged overtime work (*i.e.*, Tagupa's admissions that the blog work for the 52 entries was never submitted, and that she did not comply with a policy requiring permission from her supervisor before working overtime).  If the court had considered this evidence, VIPdesk contends, the court should have granted its motion, and its failure to do so was clearly erroneous.  Doc. No. 79-1, Def.'s Mot. at 6-7.

But the court did consider the evidence that Tagupa had not actually submitted the 52 blog entries at issue, and that she had not sought permission from her supervisor before working overtime hours.  As the court explained, however, the record is unclear -- construing the evidence in the record in favor of Tagupa -- when VIPdesk knew (or should have known) that Tagupa was working overtime.  VIPdesk argued several times that it was unaware of Tagupa's hours until "after the fact" or "well after the fact," Doc. No. 63-1, Def.'s Mot. Summ. J. at 3, 8, 10, 11; *see also* Doc. No. 64-1, Ornellas Decl. ¶ 4, and it remains unclear when that was.  There is also evidence that VIPdesk "suffered or permitted" at least some of

---

[1] The court also granted summary judgment on the FLSA claim in favor of VIPdesk to the extent it could have been based on hours spent regarding 14 or 15 blog entries that were submitted to VIPdesk in approximately June 2010.

the alleged overtime hours, and may have had reason to know of Tagupa's claim earlier. *See* Doc. No. 76, August 28 Order at 33, 39; *Tagupa*, 2015 WL 5116943, at \*\*13-16.

More important, it remains a question of fact when VIPdesk *should* have known (*i.e.*, had constructive notice) of Tagupa's alleged overtime work. *See, e.g.*, *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("[A]n employer who knows *or should have known* that an employee is or was working overtime must comply with [the FLSA].") (emphasis added); *Kellar v. Summit Seating Inc.*, 664 F.3d 169, 177 (7th Cir. 2011) ("[T]he FLSA stops short of requiring the employer to pay for work it did not know about, *and had no reason to know about*.") (emphasis added); *Porter v. Petroleum Transp., Inc.*, 2012 WL 3835075, at \*2 (S.D. W. Va Sept. 4, 2012) ("[I]n order to prove that the employee is 'employed' for the purposes of the Act, it is necessary for a plaintiff to show that his employer had knowledge, either actual *or constructive*, of his overtime work.") (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986) (emphasis added and brackets omitted).

The record contains ample evidence indicating that VIPdesk constantly *asked* Tagupa and others to work on blogs, whether as a "volunteer" on company time or *on their own time*. *See, e.g.*, Doc. No. 64-7, Def.'s Ex. E at

31 ("At this time, the Concierge Blog is a purely volunteer project to be done in your own free time."). Construing the evidence in the light most favorable to Tagupa, VIPdesk *knew* employees were working extra on blogs, and *wanted* them to do so. And as set forth in the August 28 Order, Tagupa complained several times to VIPdesk and to others that she should be paid for work-related matters such as travel, waiting at the post office, and for computer/technical delays, as well as for blogging work. Given this evidence, the court did not clearly err in denying summary judgment to the extent VIPdesk contends it had no actual or constructive notice that employees (including Tagupa) were working overtime on blogs.[2]

It may well be -- as the August 28 Order stated, and as the court told Plaintiff's counsel at the hearing -- that Tagupa will have trouble proving her FLSA claim. It may well be that she has "padded" her time sheets. The court certainly did not conclude that Tagupa's FLSA claim (whether for blogging hours or for travel/waiting/technical time) is solid. But the "record contains sufficient

---

[2] VIPdesk seeks, in the alternative, summary judgment in its favor for "all of those claims for overtime work allegedly performed prior to March 2, 2011," Doc. No. 79-1, Def.'s Mot. at 8, which is the earliest date (according to VIPdesk's interpretation of the August 28 Order) that it could have known of Tagupa's alleged overtime hours. This request, however, is improper at this stage -- it amounts to a second Motion for Summary Judgment, based on findings and reasoning in the August 28 Order itself. The court declines to make such a finding on a Motion for Reconsideration.

evidence, construed in Tagupa's favor, to create a genuine issue of material fact as to whether Tagupa is entitled to at least some amount of recovery under the FLSA." Doc. No. 76, August 28 Order at 42; *Tagupa*, 2015 WL 5116943, at *17 (citing *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986)).

## IV. CONCLUSION

Defendant VIPdesk, Inc.'s Motion for Reconsideration, Doc. No. 79, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 17, 2015.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Tagupa v. VIPdesk, Inc.*, Civ. No. 13-00428 JMS-KSC, Order Denying Defendant VIPdesk, Inc.'s Motion for Reconsideration, Doc. No. 79