IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LOTTIE K. TAGUPA, | ) | CIV. NO. 13-00428 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR CLARIFICATION |
| vs. | ) | AND/OR MODIFICATION OF THE |
| | ) | COURT'S ORDER DATED AUGUST |
| VIPDESK, INC., | ) | 28, 2015 BASED ON NEW |
| | ) | EVIDENCE, DOC. NO. 124 |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION
AND/OR MODIFICATION OF THE COURT'S ORDER DATED AUGUST
28, 2015 BASED ON NEW EVIDENCE, DOC. NO. 124**

**I. INTRODUCTION**

On August 28, 2015, the court granted summary judgment in favor of

Defendant VIPdesk, Inc. ("Defendant" or "VIPdesk") as to Plaintiff Lottie K.

Tagupa's ("Plaintiff" or "Tagupa") claim for violating the Hawaii Whistleblower

Protection Act ("HWPA"), but denied summary judgment as to most aspects of

Tagupa's claim for violating the Fair Labor Standards Act ("FLSA"). *See* Doc.

No. 76 ("August 28 Order"), published at *Tagupa v. VIPdesk, Inc.*, ___ F. Supp.

3d ___, 2015 WL 5116943 (D. Haw. Aug. 28, 2015).

On January 7, 2016 -- less than two weeks before the then-scheduled

trial of the remaining FLSA claim,[1] and over four months after the August 28

Order -- Tagupa moved for reconsideration of the August 28 Order, seeking to

revive her HWPA claim.  *See* Doc. No. 124 ("Plaintiff's Motion for Clarification

And/Or Modification of the Court's Order dated August 28, 2015 based on New

Evidence") ("Motion for Reconsideration").  She bases the Motion for

Reconsideration on "new evidence" -- deposition testimony of her former direct

supervisor, Eleu Ornellas ("Ornellas"), taken on December 9, 2015.  *Id.* at 4.  For

the following reasons, the Motion for Reconsideration is DENIED.

## II.  **BACKGROUND**

Because the Motion for Reconsideration is limited to Plaintiff's

HWPA claim, the court focuses only on the background relevant to that claim.

The August 28 Order granted summary judgment in favor of VIPdesk

on Tagupa's HWPA claim because, applying *Crosby v. State Department of*

*Budget and Finance*, 76 Haw. 332, 876 P.2d 1300 (1994), it was undisputed that

VIPdesk would have terminated Tagupa even in the absence of her protected

activity.  *Tagupa*, 2015 WL 5116943, at *11.  The court reasoned in part that

> Tagupa has not disputed that she received multiple poor
> performance reviews -- [VIPdesk] gave her twenty nine

---

[1] On January 14, 2016, the trial date was continued from January 20, 2016 until March 29, 2016.  Doc. No. 129.

2

> separate written negative performance evaluations,
> reviews, or warnings about her poor performance before
> it terminated her.  These include twenty incidents that
> occurred before March 2, 2011, which is when Tagupa
> first engaged in "protected activity," that, at minimum,
> establish that Tagupa had a poor work history.

*Id.* (emphasis and citations to record omitted).

The court cited to multiple documented incidents of poor performance in 2008, 2009 and 2010.  *Id.*  The court also focused on more recent incidents and warnings from February 24, 2011 and March 2, 2011, regarding Tagupa's failure to meet quality standards and a specific incident where, instead of accepting counseling or coaching, Tagupa yelled and screamed at a supervisor "basically telling [him] that VIPdesk is horrific and that [Tagupa] is constantly fighting off creditors and [it's] all [the supervisor's] fault."  *Id.*

The August 28 Order also carefully examined "[a] March 2, 2011 'final written warning' based on six months of quality performance scores that did not meet company standards, and [discussed] behavior perceived as insubordinate and in violation of company policy."  *Id.* at *12.  And the court relied extensively on VIPdesk's September 8, 2011 termination letter, which explained that Tagupa was terminated "[b]ased on the instances of non-compliance with VIPdesk policies and Lottie's overall performance in the Concierge position."  *Id.*

3

In support of her Motion for Reconsideration, Tagupa cites to excerpts of a December 9, 2015 deposition of Ornellas, where Ornellas testified or acknowledged that (1) "unexcused absences" are "wiped out" quarterly; (2) Tagupa was not terminated in 2009 because "she was always able to go right up to the wire with the wipeouts and then start again;" and (3) when discussing whether a 2011 "final written warning" was to be given to Tagupa, a previous final written warning "would not have come into play" because "[i]t was too far back." Doc. No. 124-3 at 3-5, Ornellas Dep. at 101, 111, 119-20. Tagupa argues that this newly discovered evidence "proves that [she] was not fired for twenty-nine disciplinary actions as the [August 28] Order in this case incorrectly states" and "creates a question of fact as to Defendant's true reason for firing Plaintiff after six years of wiping the slate clean time and time again." Doc. No. 124, Mot. at 6.

### III. STANDARD OF REVIEW

Local Rule 60.1 allows a party to file a motion for reconsideration of an interlocutory order. Reconsideration is permitted only where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact." LR 60.1; *see Sierra Club, Hawaii Chapter v. City & Cty. of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw.

4

2007).  "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

> "To support [reconsideration under LR 60.1(a), a movant] must show not only that the evidence was newly discovered or unknown, but also that they could not with reasonable diligence have discovered and produced such evidence earlier." *Martin v. ABM Parking Servs., Inc.*, 2013 WL 6624124, at *4 (D. Haw. Dec. 16, 2013) (citation omitted).  A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).  Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (quoting *Navajo Nation v. Confederated Tribes & Bands of the*

*Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).[2]

# IV. **DISCUSSION**

Tagupa fails to meet the standard -- whether analyzed under LR 60.1

or Federal Rule of Civil Procedure 60(b)(2) -- for granting reconsideration. "To

base a motion for reconsideration on the discovery of new evidence, Plaintiff is

'*obliged* to show not only that this evidence was newly discovered or unknown to

---

[2] The court construes the Motion for Reconsideration as brought under LR 60.1.  In her Motion, however, Tagupa relies primarily on Federal Rule of Civil Procedure 60(b).  Doc. No. 124, Mot. at 3-4.  "Local Rule 60.1 mirrors Rule 60 of the Federal Rules of Civil Procedure, which governs reconsideration motions relating to final orders."  *Brenner v. IndyMac Bank, F.S.B.*, 2010 WL 5387566, at *2 (D. Haw. Dec. 17, 2010).  Because "Rule 60(b) . . . applies only to motions attacking final, appealable orders," *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000), VIPdesk argues that the court should summarily deny the Motion given that the August 28 Order is not final and appealable.

Here, Tagupa is seeking reconsideration of a summary judgment order disposing of her HWPA claim -- it is a dispositive order (and in that sense "final") as to that claim, although not immediately appealable absent a certification under Federal Rule of Civil Procedure 54(b).  Furthermore, LR 60.1 states that "[m]otions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable."  And *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991), held that "a motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)."  Thus, given the nature of the August 28 Order, it was not unreasonable for Tagupa to rely on Rule 60.

In any event, it makes no difference here whether Rule 60(b) or LR 60.1 applies because the standards are essentially the same.  Under Rule 60(b)(2),

> [r]elief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due [or reasonable] diligence to discover this evidence; and (3) the newly discovered evidence must be of "such magnitude that production of it earlier would have been likely to change the disposition of the case."

*Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)).  Rule 60(b)(2), as amended in 2007, requires "reasonable diligence" (instead of "due diligence") for newly discovered evidence.  The change, however, was "intended to be stylistic only."  *See Cole v. Hawaii*, 2008 WL 508075, at *1 n.2 (D. Haw. Feb. 26, 2008).

[her] until after the hearing, but also that [she] could not with reasonable diligence

have discovered and produced such evidence at the hearing." *Stucky v. Haw.*

*Dep't of Educ.*, 2008 WL 1959738, at *2 (D. Haw. May 6, 2008) (citations

omitted).  Tagupa has failed to demonstrate reasonable diligence.  She certainly

could have deposed Ornellas -- a key witness as she was Tagupa's direct

supervisor -- well before her opposition to VIPdesk's summary judgment motion

was due.  *See, e.g.*, *Martinez v. Wawona Frozen Foods*, 247 F. Appx. 883, 885

(9th Cir. 2007) (holding that plaintiff's efforts to depose certain witnesses "did not

constitute new evidence because the opportunity to depose the [witnesses] had

long been present and [plaintiff] was given ample time to pursue the necessary

discovery"); *Stucky*, 2008 WL 1959738, at *3 (denying reconsideration where

"Plaintiff provides no evidence or argument as to why she did not or could not

depose the witnesses prior to filing the opposition . . . , and the information

contained in the depositions relates to events occurring well prior to the filing of

Plaintiff's opposition").

At most, Plaintiff mentioned that depositions were delayed by both

parties who were working to keep costs down in hopes of a settlement.  Doc. No.

124, Mot. at 4.  But this does not excuse her obligation under Rule 56 to oppose a

motion for summary judgment with specific facts demonstrating a genuine issue of

material fact (or to seek a continuance under Rule 56(d)).  Instead of

demonstrating reasonable diligence, the circumstances indicate exactly the

opposite -- Ornellas' deposition was taken (1) over six months after VIPdesk filed

its Motion for Summary Judgment on June 3, 2015, Doc. No. 63; (2) over four

months after Tagupa filed her Opposition to the Motion for Summary Judgment on

July 27, 2015, Doc. No. 68; (3) over three months after the court ruled on the

Motion for Summary Judgment, Doc. No. 76; and (4) over three months after the

September 4, 2015 discovery deadline.  Doc. No. 56, Third Am. Scheduling Order

¶ 12.  And during the summary judgment proceedings, Plaintiff did not file a

request under Federal Rule of Civil Procedure 56(d) to defer ruling on the Motion

for Summary Judgment or to allow time to take additional discovery.  *See Schlicht

v. United States*, 2006 WL 229551, at *2 (D. Ariz. Jan. 30, 2006) ("[T]he fact that

Plaintiff did not commence the deposition until nearly one month after the

discovery deadline had passed likewise belies his claim of due diligence.").

       Moreover, by waiting until over three months after the court granted

summary judgment in favor of VIPdesk on the HWPA claim, Tagupa knew the

court's specific reasons why final judgment would enter against her *before*

conducting relevant discovery as to that claim.  She incorrectly seeks, in essence, a

proverbial "second bite" at the apple.  *See, e.g.*, *Jelks v. Swenson*, 2008 WL

4974420, at *5 (D. Haw. Nov. 21, 2008) ("Reconsideration motions do not give

parties a 'second bite at the apple.'  Nor are they justified on the basis of new

evidence which could have been discovered prior to the court's ruling.").

   In any event, Ornellas' deposition testimony would not change this

court's ruling.  At most, her testimony might explain why VIPdesk did not

terminate Tagupa *earlier* -- that is, *before* September 2011 -- where VIPdesk had

given her several previous "final written warnings" when faced with numerous

"written negative performance evaluations, reviews, or warnings about her poor

performance." *Tagupa*, 2015 WL 5116943, at *11.  But Ornellas' testimony

would not change the undisputed fact that Tagupa had a poor work history and

that VIPdesk terminated her on September 8, 2011 "based on the instances of non-

compliance with VIPdesk policies and [her] overall performance in the Concierge

position." *Id.* at *12.  The testimony would not change the fact that Tagupa was

given final written warnings in March and August of 2011, and that the September

8, 2011 termination was based in significant part on a specific instance of

violating a company policy on August 24, 2011.  *Id*. at *12-13.

   In short, even if the court could consider Ornellas' December 9, 2015

deposition testimony, the testimony would not be of a "strongly convincing nature

to induce the court to reverse its prior decision," *Donaldson*, 947 F. Supp. at 430,

9

nor of "such magnitude that production of it earlier would have been likely to change the disposition of the [motion]." *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003).

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion for Reconsideration, Doc. No. 124, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 19, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Tagupa v. VIPdesk, Inc.*, Civ. No. 13-00428 JMS-KSC, Order Denying Plaintiff's Motion for Clarification And/or Modification of the Court's Order Dated August 28, 2015 Based on New Evidence, Doc. No. 124